UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RENARD T. POLK,<br><br>                      Plaintiff<br><br>    v.<br><br>NEVADA BOARD OF PRISON COMMISSIONERS, *et al.*,<br><br>                      Defendants | Case No. 3:21-cv-00092-MMD-CLB<br><br>ORDER |

      On April 12, 2022, the Court issued a screening order and granted Plaintiff until May 12, 2022, to file an amended complaint or the case would be dismissed without prejudice. (ECF No. 9 at 9-10). The Court subsequently granted Plaintiff an extension of time to June 27, 2022, to file his amended complaint. (ECF No. 13). On June 27, 2022, Plaintiff moved for appointment of counsel, explaining that he is now confined at the High Desert State Prison "intake classification unit," where he lacks access to "a law library or legal material[s]." (ECF No. 14). Plaintiff also notes that the "deadline to amend" his complaint "will have expired [at] about [the] time he will have sufficient access and supplies to continue litigating." (*Id.*) Plaintiff has not submitted an amended complaint.

      The Court denies Plaintiff's motion for appointment of counsel without prejudice. A litigant does not have a constitutional right to appointed counsel in § 1983 actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* As explained in the screening order, Plaintiff has failed to state any colorable claims. (ECF

No. 9 at 3-8). Thus, the Court does not find exceptional circumstances that warrant the appointment of counsel at this time. *See Nagel v. Core Civic*, No. 20-cv-01279, 2021 WL 4954304, at *6 (D. Nev. Oct. 25, 2021) (denying motion to appoint counsel in § 1983 action where plaintiff "ha[d] not stated a colorable claim" on screening).

Nevertheless, the Court will grant Plaintiff one final extension of time to file his amended complaint. Plaintiff will file the amended complaint on or before Friday, July 29, 2022. If Plaintiff chooses not to file an amended complaint, this action will be subject to dismissal without prejudice. (ECF No. 9 at 9-10).

For the foregoing reasons, it is ordered that Plaintiff's motion for appointment of counsel (ECF No. 14) is denied without prejudice.

It is further ordered that Plaintiff will file his amended complaint on or before Friday, July 29, 2022.

It is further ordered that, if Plaintiff fails to timely file his amended complaint, this action may be dismissed without prejudice.

DATED THIS 29th day of June 2022.

_____
UNITED STATES MAGISTRATE JUDGE